# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | John F. Grady | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 01 C 9843 | DATE | September 25, 2002 |
| CASE TITLE | | Sears Roebuck v. Menards | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] The motions of plaintiff-counterclaim defendant, Sears, Roebuck & Co. to dismiss Counts IV and V of the counterclaim of defendant Menard, Inc.[1] and to strike certain affirmative defenses to Menard's answer to the complaint [33-1, 33-2] are denied at this time, without prejudice to their renewal at trial. ENTER MEMORANDUM OPINION.

(11) [For further detail see order (on reverse side of/attached to) the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | **Document Number** |
| | No notices required. | | number of notices | |
| | Notices MAILED by judge's staff. | | SEP 27 2002 | |
| | Notified counsel by telephone. | | date docketed | 130 |
| X | Docketing to mail notices. | | CDY | |
| | Mail AO 450 form. | U.S. DISTRICT COURT CLERK | docketing deputy initials | |
| | Copy to _____ | | | |
| | | 02 SEP 25 PM 5:08 | date mailed notice | |

---

[1] Sears had also moved to dismiss Count VII of the counterclaim, which alleged abuse of process, but Menard has voluntarily dismissed that claim. See Order of September 18, 2002.

01-9843.021                                                September 25, 2002

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

SEARS, ROEBUCK AND CO.,           )
                                  )
                Plaintiff,        )
                                  )
        v.                        )   No. 01 C 9843
                                  )
MENARD, INC.,                     )
                                  )
                Defendant.        )

DOCKE...

SEP 2 7 2002

## MEMORANDUM OPINION

The court had under advisement the motions of plaintiff-counterclaim defendant, Sears, Roebuck & Co. to dismiss Counts IV and V of the counterclaim of defendant Menard, Inc.[1] and to strike certain affirmative defenses in Menard's answer to the complaint.

The parties have briefed these motions, citing numerous authorities, and the court could spend considerable time digesting the authorities and making appropriate rulings. We believe this would not be a productive use of judicial resources. The issues raised by the motions can be dealt with appropriately at trial, in the event there is a trial. At the motion call of September 18, we were advised that settlement is still a possibility, with only

---

[1] Sears had also moved to dismiss Count VII of the counterclaim, which alleged abuse of process, but Menard has voluntarily dismissed that claim. See Order of September 18, 2002.

130

one issue — admittedly an important one — still separating the parties.

Should there be a trial, the evidence will be the same whether these affirmative defenses and counterclaims are still on file or not. We will deny the motions at this time, without prejudice to their renewal at trial.[2]

DATED: September 25, 2002

ENTER: _John F. Grady_, United States District Judge

---

[2] Opening statements to the jury will be limited to what the evidence is expected to be, and there will be no need to discuss legal theories. The court will explain to the jury enough about the law so that the jurors will understand the relevance of the evidence.